WEIMER, J.,
concurs.
|TI agree with the majority’s ultimate disposition of the three issues raised in these consolidated matters; however, I write separately to more fully address the issue of Brandy’s entitlement to loss of future earnings.
In its opinion, the majority traces the jurisprudence stemming from this court’s decision in Folse v. Fakouri, 371 So.2d 1120, 1123-24 (La. 1979), which drew a distinction between “pecuniary loss,” ie., “loss of future earnings” and “loss of future earning capacity,” to conclude that, under the evidence in this case, “Brandy’s future loss of earnings is pecuniary in nature, rather than speculative and uncertain” and, therefore, falls under the category of pecuniary loss or “loss of future earnings” outlined in Folse. See Fecke v. The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 15-1806, 15-1807, 2016 WL 5390302, slip op. at 25 (La. 9/23/16). While the discussion of the jurisprudence that has evolved since Folse is edifying, I believe that it is ultimately unnecessary, as the issue of Brandy’s entitlement to loss of future earnings is appropriately resolved by resort to statutory 12law and an examination of the definition of “loss of future earnings” found in La. R.S. 13:5106(D)(2). Quite simply, this is because, under Louisiana’s civilian tradition, every legal analysis must begin by examining- the primary sources of law, consisting of the Constitution, codes, and statutes. Jurisprudence, even when it arises to the level of jurisprudence constante, is a secondary source of law. Delta Chemical Corp. v. Lynch, 07-0431, p. 13 (La.App. 4 Cir. 2/27/08), 979 So.2d 579, 588 (citing Alvin B. Rubin, Hazards of a Civilian Venturer in Federal Court: Travel and Travail on the Erie Railroad, 48 La. L. Rev. 1369, 1372 (1988)).
Relevant to the case before us, the primary source of law which guides our decision is statutory. The relevant statute, La. R.S. 13:5106(D)(2), defines “loss of future earnings” as “any form of economic loss which the claimant will sustain after the trial as a result of the injury or death which forms the basis of the claim.” (Emphasis added.) The statutory phrase “any form of economic loss” indisputably includes wages from pre-injury employment (“loss of future earnings”), but it is both logically and semantically broader than pre-injury wages alone. To hold otherwise would render the word “any” in the statute meaningless, a result our rules of statutory interpretation proscribes. Moss v. State, 05-1963, p. 15 (La. 4/4/06), 925 So.2d 1185, 1196 (“[Cjourts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as *255 meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found.”).
Clearly, as written and according to its plain language, the statutory definition of “loss of future earnings” is broad enough to include within its ambit both forms of economic loss distinguished in the jurisprudence—“loss of future earnings” and “loss of future earning capacity’—so long as the loss is documented and not speculative (hence the reference in the statutory definition to economic loss the claimant “will” | ^sustain as a result of the injury). To the extent that the decision in Cooper v. Public Belt Railroad, 03-2116 (La.App. 4 Cir. 10/6/04), 886 So.2d 531, suggests otherwise, I believe that decision should be overruled.
As the late Justice Albert Tate, Jr. so aptly stated:
The civilian does not regard the judicial interpretations of a statute as becoming part of the statute, so that the statute as interpreted is the law. He regards the statute alone as being the law, and prior decisions do not “insulate” him ... from going directly to the statute for its meaning. In ideal theory, the civilian judge decides cases primarily “not by reference to other decisions, but by reference to legislative texts and within the limits of such judicial discretion as the legislative texts grant.”
Albert Tate, Jr., Techniques of Judicial Interpretation in Louisiana, 22 La.L.Rev. 727, 744 (1962) (footnotes omitted). Following our civilian roots and drawing upon the primary source of law governing resolution of the issue presented in this case—the statute—I therefore agree with the majority’s conclusion that the district court’s award for loss of future earnings should be reinstated, but I do so because that is the result the language of the statute commands.